■ VILLAGE OF SOLVAY, Respondent, v. POWER AUTHORITY OF THE STATE OF NEW YORK, Appellant.— Order unanimously reversed, motion granted and

complaint dismissed, without costs. Memorandum: Defendant, State Power Authority, appeals from an order at Special Term which denied its motion to dismiss the complaint in this action by which plaintiff, a municipality, seeks a judgment declaring that defendant must sell sufficient electric power to it to supply the requirements of a prospective industrial customer. The contract between the parties provides that the Authority may in its sole discretion make additional power available to plaintiff, Village of Solvay. Plaintiff requested the Authority to increase the power to be supplied to it by 24,000 kilowatts to serve the needs of Crucible Steel Company which was then purchasing all of its power from Niagara Mohawk Power Company. Defendant denied the request. In our opinion plaintiff has neither alleged nor shown facts from which it could be found that defendant's determination is contrary to its contract obligations to plaintiff. It is consistent with defendant's policy as declared in the Power Authority Act that "projects shall be considered primarily as for the benefit of the people of the state as a whole and particularly the domestic and rural consumers * * * and accordingly that sale to and use by industry shall be a secondary purpose". (Public Authorities Law, § 1005, subd. [5]). The determination is also consistent with the provisions of the Niagara Development Act "to assure that at least 50 per centum of the project power shall be available * * * for the benefit of the people as consumers, particularly domestic and rural consumers." (U.S. Code, tit. 16, § 836, subd. [b], par. [1]). We find no merit in respondent's contention that the provisions of section 1005 of the Power Authority Act (Public Authorities Law, art. 5, tit. 1) and section 836 of the Niagara Redevelopment Act (U. S. Code, tit. 16, § 836) give it a preference and priority for receiving electric power from defendant. Both statutes state or imply that the Niagara and Saint Lawrence power projects are primarily designed to benefit domestic and rural consumers and that municipalities have a preference and priority to power generated from the two projects only insofar as the exercise of that preference maximizes the benefits to those domestic and rural consumers. The Authority is under no obligation to give priority to a public body unless the giving of such priority will result in the increased availability of low cost electric power to people as consumers and particularly domestic and rural consumers. Under no circumstances would the sale of additional electric power to plaintiff who in turn would sell that power to the Crucible Steel Company increase the availability of power to domestic and rural consumers. Since plaintiff's complaint and moving papers do not raise any issue, the motion to dismiss the complaint should be granted. (Appeal from order of Onondaga Special Term denying motion to dismiss complaint.) Present— Goldman, P. J., Marsh, Witmer, Moule and Henry, JJ.